**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**OTIS RAY MAYS, JR.,**

      **Petitioner,**

**v.**

**WARDEN FCI MARION,**

      **Respondent.**

**Case No. 3:26-CV-728-NJR**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Otis Ray Mays, Jr., brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Mays is currently incarcerated at FCI Marion, which is within the Southern District of Illinois. In his § 2241 Petition, Mays states that when he was transferred to FCI Marion from FCI Pekin, his legal materials were not transferred with him. (*Id.*). As a result, he is being denied access to his legal documents and he is unable to file motions in his criminal case. (*Id.*). He asks the Court to order the Bureau of Prisons ("BOP") or the Warden of FCI Marion to facilitate the transfer of his legal and personal property. (*Id.*).

The Petition is now before the Court for preliminary review under Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner." Rule 1(b) authorizes the Court to apply this rule to cases filed under § 2241.

An inmate may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). It is the "exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (citing *Preiser*, 411 U.S. at 489). If a federal prisoner is not challenging the fact or duration of his confinement, but instead the conditions under which he is being held, his available remedy is under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 386-87.

Here, Mays claims he has no access to his legal materials and is asking the Court to order the BOP to transfer his legal materials from FCI Pekin to his current facility, FCI Marion. An allegation regarding interference with a prisoner's access to legal paperwork is a potential First Amendment violation, not a challenge to the fact or duration of one's confinement. *Christy v. Sproul*, No. 3:23-CV-888-NJR, 2023 WL 3572780, at *1 (S.D. Ill. Apr. 21, 2023). Accordingly, § 2241 is not the appropriate vehicle for Mays's claim.

Because it plainly appears that Petitioner Otis Ray Mays, Jr., is not entitled to relief, his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

If Mays wishes to appeal this Order, he must file a notice of appeal with this Court within **60 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). If Mays chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of

the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d

724, 725-26 (7th Cir. 2008). If Mays files a motion for leave to appeal *in forma pauperis*, he

must include in his motion a description of the issues he intends to present on appeal. *See*

FED. R. APP. P. 24(a)(1)(C).

It is not necessary for Mays to obtain a certificate of appealability from this

disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk's Office is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED:   June 11, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**